**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MCINTIRE,<br><br>Plaintiff,<br><br>v.<br><br>SP PLUS CORPORATION,<br><br>Defendant. | ) | No. 4:26CV601 RHH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Petition for Damages, filed August 24, 2026. (ECF No. 19). Defendant has not responded to the motion.[1] For the reasons set forth below, the Court remands this case to the Circuit Court of St. Louis County, Missouri.

**BACKGROUND[2]**

On January 17, 2025, Plaintiff Robert McIntire slipped and fell in the parking lot owned and operated by Defendant SP Plus Corporation ("SP Plus" or "Defendant"). Plaintiff filed a Petition for Damages ("Complaint") in the Circuit Court of St. Louis County, Missouri against Defendant on March 13, 2026. (ECF No. 9). On April 22, 2026, Defendant removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1).

On August 14, 2026, Defendant served its Answers and Objections to Plaintiff's First Set of Interrogatories and its Responses and Objections to Plaintiff's First Requests for Production.

---

[1] In an email to the Court, defense counsel indicated that Defendant did not oppose the motion to amend.

[2] The Court takes its background section from Plaintiff's Motion for Leave to File First Amended Petition for Damages.

(ECF No. 19, P. 2). In response to Interrogatory No. 16, which asked Defendant to "identify any individual or company responsible for snow and ice removal on the Premises between January 1, 2025, and January 17, 2025", Defendant stated, "Defendant entered into a Snow Removal Services Agreement with B&P Construction, Inc. ("B&P Construction")." (*Id.*, P. 4).

Plaintiff now moves for leave to amend his Complaint to add B&P Construction as a Defendant. Plaintiff acknowledges that allowing joinder would destroy this Court's diversity jurisdiction, as Plaintiff is a citizen of Missouri, and B&P Construction is a Missouri corporation with its principal place of business in St. Louis, Missouri. (*Id.*, P. 6). The Court thus must consider whether to allow the joinder and remand the case to state court.

## LEGAL STANDARD

28 U.S.C. § 1332 grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." "The statute contains an important judicial gloss: the parties must be completely diverse from one another….*No* plaintiff can be a citizen of the same state as *any* defendant." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (alterations in original) (citations omitted). A defendant may remove a case that meets § 1332's criteria from state court to federal court. 28 U.S.C. § 1441. However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).[3]

## DISCUSSION

[3] Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

To determine whether to permit a joinder that would destroy subject matter jurisdiction, the Court must "'consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed.'" *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (alterations in original) (quoting *Le Duc v. Bujake*, 777 F.Supp. 10, 12 (E.D. Mo. 1991)).

Upon consideration, the Court finds the factors here all favor remand to state court. First, there is nothing to suggest that Plaintiff added B&P Construction to destroy diversity jurisdiction. Instead, through discovery Plaintiff learned that B&P Construction was contractually required to commence snow and ice removal upon request by SP Plus. (ECF No. 19, P. 4). Plaintiff thus sought leave to add B&P Construction upon discovering its potential role in the incident. Nor is there anything to suggest that Plaintiff was dilatory in asking for the amendment, as Plaintiff moved to amend his Complaint less than two weeks after learning about B&P Construction's contract, and within the deadline for filing motions for joinder and motions to amend the pleadings. (*Id.*, P. 3). Finally, Plaintiff claims he will be significantly injured if the amendment is not allowed, as he will be forced to prosecute a second action against B&P Construction in state court, "duplicating discovery, doubling expense, and creating the risk that two factfinders allocate responsibility for the same patch of ice inconsistently, with neither Defendant bearing it." (*Id.*, PP. 5-6).

Other considerations of justice also favor remand. Defendant does not object to the amendment, and does not claim that the joinder is fraudulent. Furthermore, the case is still early in the discovery phase, and the partiers have not yet invested significant time or resources litigating the case in this court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Petition for Damages (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 10th day of September, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE